IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NINA BURGESS

        Plaintiff,

v.                                                          Civ. No. 05-0615 JP/WPL

SOUTHERN CALIFORNIA MOVING
AND STORAGE; AL DAVIS,
PRESIDENT

        Defendants.

**MEMORANDUM OPINION AND ORDER OF REMAND**

On June 3, 2005, Defendants filed a Notice of Removal (Doc. No. 1). After a thorough review of Defendants' Notice of Removal, accompanying exhibits, and the applicable law, I conclude that because this Federal Court lacks subject matter jurisdiction, this case should be remanded to state court.

**I. BACKGROUND**

On May 7, 2004, Plaintiff Nina Burgess filed a Civil Complaint against Defendants Southern California Moving and Storage and Al Davis in the Magistrate Court for the County of San Juan, State of New Mexico. This lawsuit arises from household property that was lost and broken in a move from California to New Mexico; Defendant Southern California Moving and Storage was the hired moving company. (Compl. ¶ 3.) The asserted amount in controversy was $4,889.85. (Id. ¶ 2.) On April 25, 2005, Plaintiff filed a Motion for Default Judgment with the

Magistrate Court.  The same day, Magistrate Wilma R. Charley entered a Default Judgment in favor of Plaintiff, awarding Plaintiff $4,986.85.

Subsequently, on June 3, 2005, Defendants filed their Notice of Removal of Action.  The alleged basis of removal is federal question jurisdiction under 28 U.S.C. § 1331.  (Notice of Removal ¶ 3.)  Defendants contend that the case may be removed to federal court because it arises under the Carmack Amendment, 49 U.S.C. §§ 14706 and 14707, federal laws which preempt state statutory and common law causes of action.[1]  (Id.)

## II. DISCUSSION

Federal removal jurisdiction is statutory in nature and must be strictly construed.  *See Pritchett v. Office Depot, Inc.*, No. 05-0501, 2005 U.S. App. LEXIS 5896, at *8 (10th Cir. Apr. 11, 2005) (citing *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941)).  Doubts are to be resolved in favor of remand.  *See Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995).  A party invoking federal court jurisdiction has the burden of establishing its propriety. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998).

### A. The Court Lacks Subject Matter Jurisdiction

Defendants contend that the case is removable based on 28 U.S.C. § 1331 federal question jurisdiction.  Defendants cite to the Carmack Amendment, which deals interstate carrier liability for goods lost or damaged in shipment.  *Underwriters at Lloyds of London v. North American*

---

[1] The Court will not address 49 U.S.C. § 14707, because it is a statutory provision used in assessing interstate carrier liability if the carrier is in clear violation of registration requirements.  *See* 49 U.S.C. §§ 14707, 13901-13904, 13906.  Plaintiff did not in her Complaint allege that Defendants failed to meet the statute's registration requirements.

*Van Lines*, 890 F.2d 1112, 1115 (10th Cir. 1989).  Although Defendants correctly note that the Carmack Amendment preempts state law claims (*See Id.* 890 F.2d at 1121), they fail to recognize that a Plaintiff may file a Carmack Amendment case in either state or federal court.  *See Stephenson v. Wheaton Van Lines, Inc.,* 240 F.Supp. 2d 1161, 1165 (D.Kan. 2002) (Carmack Amendment creates concurrent jurisdiction); 49 U.S.C. § 14706(d) (the Carmack Amendment allows "[a] civil action . . . [to] be brought against a delivering carrier in a district court of the United States or in a State court.").  In addition, 28 U.S.C. § 1337(a) provides that the amount in controversy must exceed $10,000 in order for the federal district court to have original jurisdiction in a Carmack Amendment case.  *See also* 28 U.S.C. § 1445(b) (unless the amount in controversy exceeds $10,000, a Carmack Amendment case may not be removed to federal court); *Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973).  In determining the amount in controversy, the court looks at the "sum in good faith."  *Gibson,* 478 F.2d at 220.

Although not asserted on the face of the *pro se* Plaintiff's Complaint, I will infer, as Defendants did, that this was a Carmack Amendment case filed in state court, a court with concurrent jurisdiction.  The amount in controversy was $4,889.85, well below the $10,000 amount required for federal court jurisdiction.  Therefore, this United States District Court does not have subject matter jurisdiction over this case.  Hence, this case will be remanded to the Magistrate Court for the County of San Juan, State of New Mexico.

IT IS ORDERED that this case is remanded to the Magistrate Court for the County of San Juan, State of New Mexico.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE